IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 6:16-cv-467 |
| v. | § § | JURY TRIAL DEMANDED |
| N. HARRIS COMPUTER CORP., | § § § | |
| Defendant. | § § | |

**PLAINTIFFS' COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against N. Harris Computer Corporation ("Defendant") for infringement of U.S. Patent Nos. 5,682,526 ("the '526 patent") and 5,715,451 ("the '451 patent").

**THE PARTIES**

1.     Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Ste. 806, Tyler, Texas 75702.

2.     Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.     Uniloc Luxembourg and Uniloc USA are collectively referred to as "Uniloc." Uniloc has researched, developed, manufactured, and licensed information security technology

solutions, platforms and frameworks, including solutions for securing software applications and digital content. Uniloc owns and has been awarded a number of patents. Uniloc's technologies enable, for example, software and content publishers to securely distribute and sell their high-value technology assets with maximum profit to its customers and/or minimum burden to legitimate end-users. Uniloc's technologies are used in several markets including, for example, electronic health record software, software and game security, identity management, intellectual property rights management, and critical infrastructure security.

4. Defendant is a Canadian corporation with its principal place of business at 1 Antares Drive Suite 400 Ottawa, Ontario, K2E 8C4 Canada. Defendant may be served with process through its registered agent, the Corporation Trust Company, at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district and/or, has regular and established places of business in this judicial district.

7. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly

doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## PATENTS-IN-SUIT

8. Uniloc Luxembourg is the owner, by assignment, of the '526 patent, entitled "METHOD AND SYSTEM FOR FLEXIBLY ORGANIZING, RECORDING, AND DISPLAYING MEDICAL PATIENT CARE INFORMATION USING FIELDS IN FLOWSHEET." A true and correct copy of the '526 patent is attached as Exhibit A.

9. Uniloc USA is the exclusive licensee of the '526 patent with ownership of all substantial rights in the '526 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

10. Uniloc Luxembourg is the owner, by assignment, of the '451 patent, entitled "METHOD AND SYSTEM FOR CONSTRUCTING FORUMLAE FOR PROCESSING MEDICAL DATA." A true and correct copy of the '451 patent is attached as Exhibit B.

11. Uniloc USA is the exclusive licensee of the '451 patent with ownership of all substantial rights in the '451 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

12. The '526 Patent spent over two years being examined at the United States Patent and Trademark Office. During examination of the '526 Patent, trained United States Patent Examiners considered at least twenty-four (24) references before determining that the inventions claimed in the '526 Patent deserved patent protection. Such references include, for example, various references from Emtek Health Care Systems, Inc., Motorola, Inc., Spacelabs Medical, Inc., and Hewlett-Packard Company.

13. Each claim of the '526 Patent is directed to a "process" as defined in 35 U.S.C. § 100.

14. The '451 Patent spent nearly three years being examined at the United States Patent and Trademark Office. During examination of the '451 Patent, trained United States Patent Examiners considered at least twenty-three (23) references before determining that the inventions claimed in the '451 Patent deserved patent protection. Such references include, for example, various references from Emtek Health Care Systems, Inc., Motorola, Inc., Spacelabs Medical, Inc., and Hewlett-Packard Company.

15. Over 20 years ago (when the applications that issued as the '526 and '451 Patents was filed), the general-purpose databases and rigid patient information databases then available took a one-size-fits-all approach, one that failed to address the technical and often dynamic needs of particular medical practices. (*See*, *e.g.*, '526 Patent, col. 1, lines 39-58). Certain systems were encumbered with features and data structures that particular practices never used. Other systems omitted features and data structures necessary for other medical practices. None of the electronic medical/health record systems available at that time (including those cited during prosecution) enabled users—regardless of their programming experience—to flexibly design a *patient information hierarchy* according to the present needs of a particular medical practice, let alone in the particular manner set forth in claims of the '526 and '451 Patents.

16. The '526 and '451 Patents claim technical solutions to problems unique to electronic medical/health records and computer networks involving the same, including the non-limiting example problems described above.

17. Further, the '526 and '451 Patent claims improve upon the functioning of computer systems. For example, certain (if not all) claims teach a much improved user-interface that, among

other features, enables virtually any user, regardless of his or her programming experience, to flexible design a patient information hierarchy according to the specific and often dynamically changing needs of a particular practice.

18. At least certain (if not all) claims of the '526 and '451 Patents require special-purpose software.

19. The '526 and '451 Patents are directed to computer-implemented technologies that have no pen-and-paper analog. As a non-limiting example, there is no pen-and-paper analog to the automatic and conditional display of a linked-to parameter in conjunction with the display of a new parameter having the linked-from possible result value. That is, if someone writes a particular dosage on a piece of paper, there is no way for the paper to automatically display an alert indicating that the dosage is too high, or that the medication interacts with other medication, or that the patient may have an allergic reaction to a particular medication.

20. The '526 and '451 Patent claims are not directed to a "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," or "a building block of the modern economy." Further, the claims are not directed to a longstanding or fundamental economic practice at the time of patented inventions. Nor do they involve a method of doing business that happens to be implemented on a computer. Nor were they fundamental principles in ubiquitous use on the Internet or computers in general.

21. Instead, as explained above, the '526 and '451 Patent claims are directed toward solutions rooted in computer technology and use technology unique to computers and computer networking to overcome a problem specifically arising in the realm of electronic medical records.

22. The '526 and '451 Patents both issued after *Bilski v. Kappos*, 561 U.S. 593 (2010), and *Mayo Collaborative Servs'. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012). And although

the examinations predated *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), that case applied the *Mayo* framework and stated that its holding "follows from our prior cases, and *Bilski* in particular …."

23. Because the claims of the '526 and '451 Patents are directed to improving the functioning of such computers and computer networks, they cannot be considered abstract ideas. *Enfish, LLC v. Microsoft Corp.*, 2015-1244, 2016 WL 2756255, at *8 (Fed. Cir. May 12, 2016).

24. Indeed, the Federal Circuit in *Enfish* reaffirmed that software is a "large field of technological progress" which patents can protect:

> Much of the advancement made in computer technology consists of improvements to software that, by their very nature, may not be defined by particular physical features but rather by logical structures and processes. We do not see in *Bilski* or *Alice*, or our cases, an exclusion to patenting this large field of technological progress.

*Id*.

25. The patents-in-suit do not claim, or attempt to preempt, the performance of an abstract business practice on the Internet or using a conventional computer.

26. The patents-in-suit do not claim a pre-existing but undiscovered algorithm.

27. Although the systems and methods taught in the '526 and '451 Patents have been adopted by leading businesses today, at the time of invention, the claimed inventions were innovative and novel, as evidenced, for example, by the breadth and volume of the references considered during prosecution.

28. The '526 Patent has been referenced by more than one hundred (100) other patent applications. The '451 Patent has been referenced by more than two hundred forty (240) other patent applications. Such patent applications citing the patents-in-suit include patents applications by General Electric Company; Siemens Medical Solutions USA, Inc.; Baxter International, Inc.;

OptumInsight, Inc.; NASA; The United States Army; International Business Machines (IBM); Microsoft Corporation;  Koninkl Philips Electronics Nv; GE Medical Systems Global Technology Company; St. Louis University; Washington University; and The University Of Texas System

## COUNT I
### (INFRINGEMENT OF '526 PATENT)

29. Uniloc incorporates the preceding paragraphs herein by reference.

30. The '526 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

31. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '526 patent complied with any such requirements.

32. Defendant directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '526 patent in this judicial district and elsewhere in Texas, including at least Claims 2-7, 10-19, and 25 without Uniloc's consent or authorization. Defendant's infringing products include, as a non-limiting examples, the products listed in Exhibit C, which have received federal certification by the Office of the National Coordinator (ONC) as being either modular or complete Electronic Health Record ("EHR") products (hereinafter "Infringing Products"). Defendant's infringement occurs and has occurred through operation of the Infringing Products, which each practice the method of one or more claims of the '526 patent. Such operation includes Defendant's own operation (directly or through intermediaries) including, but not limited to, testing of the Infringing Products prior to federal certification; testing of the Infringing Products during federal certification; testing of the Infringement Products after federal certification; operation of the Infringing Products during

classes and demonstrations; hosting of the operation of the Infringing Products on behalf of third parties such as medical groups or medical providers; installing, setting up, or maintaining the Infringing Products on behalf of third parties such as medical groups or medical providers; and operation of the Infringing Products on behalf of third parties such as medical groups or medical providers.

33. Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (INFRINGEMENT OF THE '451 PATENT)

34. Uniloc incorporates the preceding paragraphs herein by reference.

35. The '451 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

36. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '451 patent complied with any such requirements.

37. Defendant directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '451 patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, and 7-8 without Uniloc's consent or authorization. Defendant's infringement occurs and has occurred through making, selling, offering to sell, using, and/or importing the Infringing Products, and, also, by operation of the Infringing Products, which each practice the method of one or more claims of the '451 patent. Such operation includes Defendant's own operation (directly or through intermediaries) including,

but not limited to, testing of the Infringing Products prior to federal certification; testing of the Infringing Products during federal certification; testing of the Infringement Products after federal certification; operation of the Infringing Products during classes and demonstrations; hosting of the operation of the Infringing Products on behalf of third parties such as medical groups or medical providers; installing, setting up, or maintaining the Infringing Products on behalf of third parties such as medical groups or medical providers; and operation of the Infringing Products on behalf of third parties such as medical groups or medical providers.

38.   Uniloc has been and continues to be damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

39.   Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Defendant, and that the Court grant Uniloc the following relief:

a.   Judgment that one or more claims of the '526 and '451 Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.   Judgment that Defendant account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendant's infringing activities and other conduct complained of herein;

c.   Judgment that Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d.   That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: May 27, 2016**               Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

***Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.***